Robert V Coats
PO Box 9525
South Lake Tahoe, CA 96158
robertcoats@hotmail.com

**FILED**

SEP 22 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT V COATS,

    Plaintiff,

vs.

AFNI, INC

    Defendants.

Case No.: **2:15 - CV - 2005 TLN CKD PS**

COMPLAINT

TRIAL BY JURY DEMANDED

## COMPLAINT

Plaintiff, Robert V Coats, individually, hereby sues Defendants, AFNI, INC for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692, the Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code §1788, the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681, and the Consumer Credit Reporting Agencies Act (CCRAA) California Civil Code §1785.

## PRELIMINARY STATEMENT

1. This is an action for damages brought from violations of the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681 et seq., the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 et seq., the Rosenthal Fair Debt Collection

Practices Act (hereinafter "RFDCPA") California Civil Code 1788 et seq., the Consumer Credit Reporting Agencies Act (hereinafter "CCRAA") California Civil Code 1785 et seq.

2. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION and VENUE

3. This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), California Civil Code 1785.33, 28 U.S.C. § 1331, and 28 U.S.C. § 1337; and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims.

4. Venue is proper in the Central District of California Eastern Division pursuant to 28 U.S.C § 1391 as Plaintiff resides in El Dorado County, California, the Defendants transact business here, and the conduct complained of occurred here.

5. This is an action for damages which exceed $15,000.00.

## PARTIES

6. Plaintiff, is a natural person residing in El Dorado County, California;

7. Upon information and belief, Defendant, AFNI, INC, is a Corporation with offices at 404 Brock Dr., PO Box 3517, Bloomington, IL. 61702, and is authorized to do business in California.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. TransUnion, Equifax and Experian are "consumer reporting agencies" within the meaning of the FCRA 15 U.S.C. § 1681a(f), and "consumer credit reporting agencies" within the meaning of the CCRAA California Civil Code 1785.3(d).

2. Consumer report (hereinafter "consumer report") is defined as "consumer report" within the FCRA 15 U.S.C. § 1681a(d), and "consumer credit report" within the CCRAA California Civil Code 1785.3(c).

3. On or about July 27, 2014, Defendant, AFNI, INC, attempted to collect an alleged "debt", as defined in FDCPA 15 U.S.C. § 1692a(5).

4. In attempting to collect said debt, Defendant, AFNI, INC, engaged in "communications" as defined in FDCPA 15 U.S.C. § 1692a(2).

5. On or about August 1, 2015, Plaintiff responded within the 30 day Dispute period and sent notice of dispute pursuant to FDCPA 15 U.S.C. §1692g.

6. On or about September 23, 2015, Plaintiff obtained his consumer reports from the major consumer reporting agencies and found entries within the reports by entities with which he was unfamiliar.

7. Plaintiff found after examination of his TransUnion, Equifax and Experian consumer reports that Defendant, AFNI, INC, had obtained Plaintiff's TransUnion consumer report on July 17, 2014.

8. Plaintiff also found that Defendant AFNI, INC had been reporting false and erroneous information to all three Credit Reporting Agencies, beginning July 7, 2014.

9. Defendant, AFNI, INC, attempted to collect an alleged "debt", as defined in 15 U.S.C. § 1692a(5).

10. In attempting to collect said debt, Defendant, AFNI, INC, engaged in "communications" as defined in FDCPA 15 U.S.C. § 1692a(2) by reporting to the Credit Reporting Agencies.

11. Plaintiff's discovery of the Defendant's action occurred on September 23, 2014 and is within the statute of limitations as defined in the FDCPA 15 U.S.C. § 1692a, FCRA, 15 U.S.C. § 1681p, RFDCPA §1788.62(f), and CCRAA §1785.33.

12. Discovery of the Defendant's actions has caused Plaintiff emotional distress and a significantly lowered credit score.

13. All violations complained of herein occurred within the statute of limitations of the applicable statutes, both state and federal.

14. On or about September 24, 2015 Plaintiff notified Defendant of their violations of the FDCPA § 1692g, by continuing collection actions without providing competent evidence of the alleged debt.

15. On or about September 24, 2014, Plaintiff disputed the derogatory reporting with the credit reporting agencies.

16. On or about October 24, 2014, Plaintiff received investigation reports from the credit reporting agencies informing him that the Defendant allegedly had verified the information.

17. On or about November 24, 2014 Plaintiff discovered that Defendant had removed the derogatory information from Equifax and TransUnion, but was continuing to report on Experian.

18. On or about February 1, 2015 Plaintiff received a communication from Enhanced Recovery Company, an LLC in Jackson Florida, attempting to collect the same alleged debt.

COMPLAINT
Page 4 of 10

19. Upon belief and information, Defendant has continued collection actions by reporting an alleged debt to Plaintiff's consumer reports, monthly to the present date, and by delegating collection to another party, known as Enhanced Recovery Company, LLC.

20. On September 4, 2015, Plaintiff sent a notice via USPS Certified Mail with tracking number 7011 1570 0000 8505 9005 to Defendant, AFNI, INC, of their violation of the FCRA, CCRAA, FDCPA, and RFDCPA in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's consumer report before taking civil action against them.

21. Defendant, AFNI, INC failed to respond and has made no attempt to reach an acceptable agreement regarding damages to be paid to Plaintiff.

## COUNT I

## VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ.,

## WILLFUL AND KNOWING NONCOMPLIANCE BY DEFENDANT AFNI, INC

22. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

23. Defendant willfully and knowingly violated the FCRA. Defendant's violations include, but are not limited to, the following:

   a. Willful and knowingly violation of 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

   b. From October of 2014 to present AFNI has been, as a direct result of its failure to conduct a reasonable reinvestigation, willfully and knowingly reporting information purportedly to be in connection with Plaintiff which it knew was false

and inaccurate to all three credit reporting agencies Equifax, Experian and Trans Union in clear violation of the FCRA 15 U.S.C. §1681s-2b.

24. Negligent violation of 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

25. Plaintiff has never had any business dealings or any account with, made application for credit from, made application for employment with, applied for insurance from, hired a dwelling unit from, nor received a bona fide offer of credit from defendant, with AFNI, INC.

26. At no time did Plaintiff give his consent for defendant, AFNI, INC, to acquire his consumer report from any consumer reporting agency.

27. Defendant, AFNI, INC, had a duty to properly ascertain if there was any legitimate debt owed to Defendant before attempting to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

28. To date, and to the best of Plaintiffs' knowledge, Defendant, AFNI, INC, has committed numerous separate violations of 15 U.S.C. §1681s-2b by deliberately failing to reinvestigate before continuing reporting to the consumer reporting agencies,. Further violations may be identified in the discovery process.

   **WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

   c. Adjudging that Defendant violated the FCRA.

   d. Awarding Plaintiff civil penalties of $1,000 for each and every separate violation, pursuant to the FCRA 15 USC 1681N, against Defendant;

   e. Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant;

  f. Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant.

## COUNT II

## VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE 1785 ET SEQ.

## WILLFUL AND KNOWING NONCOMPLIANCE BY DEFENDANT AFNI, INC

29. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

30. Defendant willfully and knowingly violated the CCRAA. Defendant's violations include, but are not limited to, the following:

  a. Willful and knowingly violation of CCRAA Cal. Civ. Code § 1785.19 by obtaining Plaintiff's consumer report without a permissible purpose as defined by CCC§ 1785.19(a).

  b. From October of 2014 to present AFNI has been, as a direct result of its failure to conduct a reasonable reinvestigation, willfully and knowingly reporting information purportedly to be in connection with Plaintiff which it knew was false and inaccurate to all three credit reporting agencies Equifax, Experian and Trans Union in clear violation of the CCRAA Cal. Civ. Code § 1785.25.

31. Negligent violation of CCRAA Cal. Civ. Code § 1785.19 by obtaining Plaintiff's consumer report without a permissible purpose as defined by CCRAA Cal. Civ. Code § 1785.19.

32. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, hired a dwelling unit from, nor received a bona fide offer of credit from Defendant, AFNI, INC.

33. At no time did Plaintiff give his consent for defendant, AFNI, INC, to acquire his consumer report from any consumer reporting agency.

34. Defendant, AFNI, INC, had a duty to properly ascertain if there was any legitimate debt owed to Defendant before attempting to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

35. To date, and to the best of Plaintiff's knowledge, Defendant, AFNI, INC, has committed at numerous separate violations of Cal. Civil Code § 1785.25(a) and Cal. Civil Code § 1785.16(a) by deliberately failing to reinvestigate before continuing reporting to the consumer reporting agencies,. Further violations may be identified in the discovery process.

    **WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

    c.  Adjudging that Defendant violated the CCRAA.

    d.  Awarding Plaintiff civil penalties of $2,500 for each and every separate violation, pursuant to the CCRAA Cal. Civil Code § 1785.19, against Defendant;

    e.  Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant, and further relief as the Court may deem just and proper, against Defendant.

## COUNT III

### VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ.

### WILLFUL AND KNOWING NONCOMPLIANCE BY DEFENDANT AFNI, INC

36. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

37. Pursuant to FDCPA 15 U.S.C. § 16921g, Defendant, AFNI, INC, had a duty to properly ascertain if there was any legitimate debt owed to defendant before attempting to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

38. Pursuant to FDCPA 15 U.S.C. § 16921g(b), Defendant, AFNI, INC, had a duty to cease collection efforts until it properly validated any legitimate debt owed to Defendant before continuing to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

a. Adjudging that Defendant violated the FDCPA.

b. Awarding Plaintiff statutory damages of $1,000, pursuant to the FDCPA 15 U.S.C. § 1692k, against Defendant;

c. Awarding Plaintiff punitive damages to be decided at trial, against Defendant;

d. Awarding Plaintiff actual damages, any attorney's fees and costs incurred in this action, and further relief as the Court may deem just and proper, against Defendant.

## COUNT IV

### VIOLATION OF THE RFDCPA

**WILLFUL AND KNOWING NONCOMPLIANCE BY DEFENDANT AFNI, INC**

39. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

40. Defendant, AFNI, INC, has demonstrated willful and/or knowing noncompliance with RFDCPA 1788.17 by failing to comply with the provisions of 15 U.S.C. § 1692b to 1692j.

41. Defendant, AFNI, INC, had a duty to properly ascertain if there was any legitimate debt owed to defendant before attempting to collect a debt from Plaintiff, and defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

42. Defendant, AFNI, INC, had a duty to cease collection efforts until it properly validated any legitimate debt owed to Defendant before continuing to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

a. Adjudging that Defendant violated the RFDCPA.

b. Awarding Plaintiff civil penalties of $1,000, pursuant to the RFDCPA 1788.30, against Defendant;

c. Awarding Plaintiff actual damages, against Defendant;

d. Awarding Plaintiff actual damages, any attorney's fees and costs incurred in this action, and further relief as the Court may deem just and proper, against Defendant.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: September 18, 2015

Respectfully Submitted,

Robert Coats
PO Box 9525
South Lake Tahoe, CA 96158
robertcoats@hotmail.com